UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN GORDON MELVEN, JR.,

        Plaintiff,                    Case No. 1:16-cv-467

v.                                       Honorable Janet T. Neff

ROBERT A. McDONALD et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner, apparently pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau. of Narcotics*, 403 U.S. 388 (1971) (creating a private right of action against individual federal officers alleged to have violated a citizen's constitutional rights), and MICH. COMP. LAWS § 33.1946 (governing the duty of mental health professionals to warn of threats of physical violence). The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff John Gordon Melven, Jr. presently is incarcerated at the Oaks Correctional Facility, after he pleaded guilty to second-degree murder for the death of Loring Glen Case in February 2009.  Plaintiff sues the Secretary of Veteran Affairs, Robert A. McDonald; the unknown Regional Officer/Director of Veteran Affairs (Unknown Party #1); the unknown Director of Ann Arbor Veterans Hospital (Unknown Party #2); the unknown Director of Battle Creek Veteran Affairs Medical Center (VAMC); and Kimberly Gorley, a Case Manager at Ann Arbor Veterans Hospital.

According to the complaint, Plaintiff was diagnosed with bipolar disorder and post-traumatic stress disorder at the time of his medical discharge from the Marine Corps in 1993.  He was found totally and completely disabled by the Social Security Administration in 1998.

Plaintiff alleges that, acting under a court order, two Westland police officers took Plaintiff to the Ann Arbor Veterans Hospital on December 29, 2008.  Plaintiff spoke to Defendant Gorley in the outpatient mental health clinic and told her that he was hearing voices to "kill Lorean Glenn Case, with his own gun, at his house."  (Am. Compl., ECF No. 9, PageID.43.)  Plaintiff alleges Defendant Gorley recorded those exact words in her intake notes.  Plaintiff also showed Gorley a business card for Mr. Case, which included Case's personal cell phone number.  Gorley had Plaintiff taken by ambulance to the Battle Creek VAMC, where he was placed in inpatient care.  Plaintiff alleges that he had serious mental health issues, but the nursing staff at VAMC repeatedly told Plaintiff that he was not sick enough to be inpatient, and they disciplined him for sleeping too much.  They also failed to monitor his prescription drug use, so he took three times as much Prozac as he had been ordered.

Plaintiff was discharged on February 5, 2009, and he was instructed to follow-up with an outpatient visit with Defendant Gorley in Ann Arbor on February 11, 2009. He arrived for his follow-up appointment, he was advised that Gorley no longer worked at the facility. Plaintiff was offered an appointment with another person in 30 days. Loring Glen Case was killed in his own home with his own gun on February 13, 2009. Plaintiff was arrested for first-degree murder on February 15, 2009.

Plaintiff complains that Defendants have failed to deliver appropriate mental health care to him since his 1993 medical discharge from the armed services and particularly in relation to his December 2008 involuntary hospitalization. Plaintiff also contends that Defendants were negligent in advising the police that Plaintiff had threatened to kill Case in December 2008. He further asserts that Defendants' failure to adequately treat him amounted to malpractice, as well as a failure to protect Plaintiff and others.

## Discussion

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

State statutes of limitations and tolling principles apply to determine the timeliness of federal constitutional claims asserted under 42 U.S.C. § 1983 and under *Bivens*, 403 U.S. 388. *See Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10) (setting the statute of limitations for "for all actions to recover damages for the death of a person, or for injury to a person or property" not otherwise specified in a separate provision); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that

is the basis of his action. *Collyer*, 98 F.3d at 220.[1] In addition, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at *2 (6th Cir. June 17, 2002); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991).

Plaintiff's complaint is untimely. He asserts claims arising between 1993 and 2009. However, he did not file his complaint until on or about April 24, 2016,[2] well past the three-year limit for claims under *Bivens*, 403 U.S. 388.

Moreover, Plaintiff's claims under Michigan law are also time-barred, as all of Plaintiff's claims fall either under the previously described three-year period of limitations for general torts, MICH. COMP. LAWS § 600.5805(10), or the two-year period of limitations for actions alleging malpractice, MICH. COMP. LAWS § 600.5805(6).

"If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his initial application on April 24, 2016, and it was received by the Court on May 5, 2016. Thus, it must have been handed to prison officials for mailing at some time between April 24 and May 5, 2016. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

U.S. 199, 215 (2007).  Because all of his claims are time-barred, Plaintiff's action will be dismissed for failure to state a claim.

Also before the Court are three motions filed by Plaintiff:  (1) a motion seeking to require the prison legal writer's program to provide assistance with the case (ECF No. 11); (2) a motion seeking clarification of legal issues (ECF No. 13); and (3) a motion for discovery (ECF No. 15).  In light of the Court's disposition of the complaint, the motions will be denied as moot.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court also denies Plaintiff's pending motions.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order and Judgment consistent with this Opinion will be entered.

Dated:   September 30, 2016              /s/ Janet T. Neff
                                                     Janet T. Neff
                                                     United States District Judge